IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 15-MJ-8017-DJW |
| JAY N. GIANNUKOS, | ) ) |
| Defendant. | ) ) |

## CRIMINAL COMPLAINT

I, Chris Johnson, being duly sworn, declare and state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about January 15, 2015, in the District of Kansas, the defendant,

**JAY N. GIANNUKOS,**

knowingly and intentionally possessed with intent to distribute a quantity of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT 2

On or about January 15, 2015, in the District of Kansas, the defendant,

**JAY N. GIANNUKOS,**

did knowingly, intentionally, and unlawfully possess firearms, that is, a .40 caliber Smith & Wesson pistol, Model SW40V, serial number PAN4513, and a .22 caliber Smith & Wesson revolver, serial number 62613; in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with

intent to distribute methamphetamine, in violation of Title 18, United States Code, Section 924(c).

## COUNT 3

On or about January 15, 2015, in the District of Kansas, the defendant,

**JAY N. GIANNUKOS,**

who had been convicted in 2013, case number 12CR0443, of Distribution of Methamphetamine, Forgery, and Identity Theft, in the District Court of Johnson County, Kansas; crimes which were punishable under the laws of the State of Kansas by imprisonment for a term exceeding one year, knowingly and unlawfully shipped and transported in interstate and foreign commerce, possessed in and affecting interstate and foreign commerce, and received firearms, namely, a .40 caliber Smith & Wesson pistol, Model SW40V, serial number PAN4513, and a .22 caliber Smith & Wesson revolver, serial number 62613, and ammunition; which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The following facts were made known to me by personal observation or from information which I received from other law enforcement officers and/or from other individuals:

1. That I have been a Deputy United States Marshal since July 22, 2003, I am currently assigned to the District of Kansas as the Task Force Coordinator. During the course of my employment, I have received training in investigations. I have also participated in numerous firearm and narcotic related investigations, which led to the prosecution of suspects. To date, I have participated in the execution of numerous

federal and state search warrants which resulted in felony arrests and the confiscation of firearms and narcotics.

2. On January 15, 2015, the U.S. Marshal Service Kansas Fugitive Apprehension Task Force was asked to assist the Kansas Department of Corrections on a parole search of a residence located at 424 N. 65th Street, Kansas City, Kansas. This was the primary residence of Kansas State Parolee Jay Giannukos. Giannukos had signed a search condition related to his state parole. State parole officials had received information that Giannukos was involved in illegal activity to include narcotic trafficking and counterfeiting.

3. Giannukos was encountered by law enforcement, who had knocked on the front door of the residence. Giannukos was advised that officers were there to conduct a parole search. During a search of the residence officers searched a bedroom that was determined to belong to Giannukos and recovered numerous items of paraphernalia, a black bag containing individually packaged baggies of methamphetamine, additional methamphetamine, marijuana, two sets of digital scales, U.S. currency, identification belonging to Giannukos, a loaded .40 caliber Smith & Wesson pistol, Model SW40V, serial number PAN4513, a loaded .22 caliber Smith & Wesson revolver, serial number 62613, and counterfeit U.S. currency. The methamphetamine was field tested at the scene and was positive for methamphetamine. The quantity of methamphetamine, along with the manner in which it was packaged, the scales and other information is consistent with distribution. I know that individuals involved in the distribution of narcotics will often

avail themselves of firearms in order to protect themselves, their drugs and drug proceeds.

4. ATF Special Agent Gordon Mallory, an interstate nexus expert, provided verbal confirmation that the recovered firearms had not been manufactured in Kansas and would had to have traveled through interstate commerce to be recovered in the State of Kansas.

5. A criminal history check on Jay Giannukos revealed prior felony convictions in 2013, case number 12CR0443, for Distribution of Methamphetamine, Forgery, and Identity Theft, in the District Court of Johnson County, Kansas, which are crimes punishable under the laws of Kansas as felony crimes and which prohibit Giannukos from the possession of a firearm and/or ammunition under Title 18, United States Code, Section 922(g)(1).

WHEREFORE, I respectfully request that an arrest warrant be issued authorizing the United States Marshal in the District of Kansas, with appropriate assistance from other law enforcement officers, to arrest Jay Giannukos for the aforementioned violations.

CHRIS JOHNSON
Deputy United States Marshal

Sworn to before me and subscribed in my presence this 3rd day of February, 2015, at Kansas City, Kansas.

David J. Waxse
Digitally signed by David J. Waxse
DN: cn=David J. Waxse, o=Federal Distric Court, ou=District of Kansas,
email=judge_waxse@ksd.uscourts.gov, c=US
Date: 2015.02.03 14:01:18 -06'00'

DAVID J. WAXSE
United States Magistrate Judge
District of Kansas

Penalties:

**Count 1:**

- NMT 20 years Imprisonment,
- NMT $1,000,000.00 Fine,
- NLT 3 years S.R., and
- $100 Special Assessment.

In the event of a prior conviction for a felony drug offense:

- NMT 30 years Imprisonment,
- NMT $2,000,000.00 Fine,
- NLT 6 years S.R., and
- $100 Special Assessment.

**Count 2:**

- NLT Mandatory Minimum 5 Years, NMT Life Imprisonment (consecutive),
- NMT $250,000.00 Fine,
- NMT 5 Years S.R., and
- $100 Special Assessment.

**Count 3:**

- NMT 10 years Imprisonment,
- NMT $250,000.00 Fine,
- NMT 3 years S.R., and
- $100 Special Assessment.